Law Office of Debra R. Torres-Reyes
Debra R. Torres-Reyes
State Bar No. 146724
1901 First Ave., Ste. 158
San Diego, Ca 92101
(619) 237-7891
(619) 237-1156 Fax
dtr4justice@aol.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE IRMA E. GONZALEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 07CR-3279-IEG |
| Plaintiff, | DATE: JANUARY 14, 2008<br>TIME: 2:00 P.M. |
| v. | CTRM: |
| IVAN FLORES, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS FOR: |
| Defendant. | (1) DISCOVERY; AND<br>(2) LEAVE TO FILE ADDITIONAL MOTIONS |

**COMES NOW** defendant, IVAN FLORES, by and through his attorney, Debra R. Torres-Reyes, and submits the following Memorandum of Points and Authorities, and argument in support of his motions.

**I.**

**MOTION TO COMPEL DISCOVERY**

To preserve his rights and guard against undue prejudice due to delay, defendant seeks an order compelling discovery of the following material, and further seeks an order establishing a discovery schedule in this case. Defendant requests full discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S.

1

1  83(1963), the Jenks Act (18 U.S.C.§ 3500), and the
2  Fifth and Sixth Amendments of the United States
3  Constitution. For the purposes of Rule 16 discovery and
4  Brady the prosecutor "will be deemed to have knowledge
5  of and access to anything in the possession, custody or
6  control of any federal agency participating in the same
7  investigation of defendant." *United States v. Bryan*,
8  868 F.2d 1032, 1036 (9th Cir. 1989).  Defendant requests
9  that discovery be completed reasonably in advance of
   trial so that he can make use of the materials provided
   in his defense.
10       This court has the authority to provide discovery
11 by a certain date and bar the use of any evidence not
12 disclosed after that date. This authority is expressly
13 conferred under Rule 16(d)(2) and has been upheld in a
   number of cases. *See, e.g. Taylor v. Illinois*, 484
14 U.S. 400 (1988)(exclusion of surprise defense witness
15 for discovery violation does not violate defendants
16 rights); *United States v. Aceves-Rosales*, 832 F.2d 1155
17 (9th Cir. 1987)(not abuse of discretion to bar defense
18 use of evidence discovered and subpoenaed the day
   before trial but not disclosed until after the
19 government had rested in violation of Rule 16); *United
20 States v. Burgess*, 791 F.2d 676(9th Cir.1986) (government
21 barred from making any use, including use for
22 impeachment, of non-disclosed inculpatory statement
23 made to DEA agent). The Court's authority to enforce
   such orders against the government by excluding
24 evidence is beyond dispute. *United States v. Roybal*,
25 566 F.2d 1109,1110-11 (9th Cir. 1977); see also *United
26 States v. Gatto,* 763 F.2d 1040, 1046-47 (9th Cir.
27
28                              2

1985);*United States v. Schwartz*, 857 F.2d 655,(9th Cir. 1988).

A discovery schedule is authorized by Rule 16(d)(2) and will serve to avoid delay, conserve scarce judicial resources, prevent surprise, and further the search for the truth at trial. This Court should therefore impose discovery schedule and bar the introduction of evidence not disclosed by that date. Defendant seeks discovery of the following.

(1) <u>Statements of The Defendant</u>

Pursuant to Rule 16(a)(1)(A), defendant requests full discovery concerning any statements made by him. The rule requires disclosure of any statement of the defendant's in the possession of the government in any form. It also requires disclosure of any portion of any report or other written record containing the substance of a statement by the defendant made to a known government agent, and the substance of any other statement made by the defendant to a known government agent which the government intends to use at trial for any purpose.

The government must disclose not only the substance of the defendant's statement but also the substance of the defendant's statements. If there is a recording, the defense requests it forthwith.

(2) <u>Arrest Reports and Notes</u>. The defendant also specifically requests the government to turn over all arrest reports, notes and TECS records, dispatch tapes and police records, and California State police office reports (if an officer was involved), relating to the circumstances surrounding his arrest or any

questioning. This request includes to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed.R.Crim. P.16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). The government must produce arrest reports, investigators' notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant. See Fed.R.Crim.P. 16(a)(1)(B) and (C),26.2 12(1); *United States v. Harris*, 543 F.2d 1247, 1253. (9th Cir. 1976) (original notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458 (9th Cir. 1987)(reaffirming *Harris'* holding).

    (3) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and /or which affects the credibility of the government's case. *Kyles v. Whitley*, 514 U.S. 419 (1995). Under *Brady*, *Kyles* and progeny, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *See also United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. (1976). All information, including notes, memos, the substance of conversations (even if not yet memorialized) should be disclosed. This includes any information that may result in a lower sentence under the Guidelines.

(4) <u>The Defendant's Prior Record</u>. The defendant requests disclosure of his prior record. Fed.R.Crim.P. 16(a)(1)(B), including both convictions and arrests, if applicable.

(5) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed.R.Crim.P. 16(a)(1)(c) and Fed.R.Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution. . .shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404 (b) at trial in both case-in-chief but also to evidence which the government may use as rebuttal. See <u>United States v. Vega</u>, 188 F.3d 1150 (9th Cir. 1999). The defendant is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of prejudice." <i>Id</i>; <u>United States v. Perez-Tosta</u>, 36 F.3d 1552, 1560-61 (11th Cir. 1994), and he requests such notice at least two weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(6) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search, Fed.R.Crim.P. 16(a)(1)(C).

(7) <u>Request for Preservation of Evidence</u>. The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out off the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case.

(8) <u>Expert Witnesses</u>. The defendant requests the

name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed.R.Crim.P. 16(a)(1)(E).

The defense requests the notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert.  See *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)(trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

(9) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony; this request encompasses all impeachment evidence, including internal investigations, disciplinary actions, suspected or confirmed criminal activity and conflicting statements made by government witnesses.

(10) <u>Giglio Information</u>.  Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other

information which could arguably be used for the impeachment of any government witnesses.

(11) <u>Jencks Act Material</u>. The defendant requests production in advance of trial of all material, including dispatch tapes and radio communications, which the government must produce pursuant to the Jencks Act, 18 U.S.C.§ 3500; Fed.R.Crim.P. 26.2. Advance production will avoid the possibility of delay at the requests of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); see also <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991)(holding that where an agent goes over interview notes with subject, interview notes are subject to Jencks Act).

(12) <u>Residual Request</u>.  Defendant invokes his right to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## II.

**DEFENDANT SHOULD BE GRANTED**
**LEAVE TO FILE ADDITIONAL MOTIONS**

As of the filing of this motion, the Defense has received some discovery from the government.  Therefore the production of any additional discovery may demonstrate the need for filing other motions.

Accordingly, due to the unavailability of such discovery, it is requested that the defendant be given

7

an opportunity to file appropriate motions at a later date.

Furthermore, defendant respectfully requests the right to file in limine motions relating to evidentiary matters as well as other pretrial motions which become necessary in light of production of additional motions.

### III.
### CONCLUSION

For all of the foregoing reasons, Ivan Flores, by and through his attorney, Debra R. Torres-Reyes, respectfully requests that the above-entitled motions be granted.

Dated: January 7, 2008            Respectfully submitted,
                                  s/Debra R. Torres-Reyes
                                  Debra R. Torres-Reyes
                                  Attorney for Ivan Flores